**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7005**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLAUDE VANCE COOLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Graham C. Mullen, Senior District Judge.  (5:91-cr-00054-GCM-1; 5:09-cv-00049-GCM)

Submitted:  August 31, 2009       Decided:  September 24, 2009

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Claude Vance Cooley, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Vance Cooley seeks to appeal the district court's order construing his "Independent Equitable Action" as a successive 28 U.S.C.A. § 2255 (West Supp. 2009) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that the district court's construction of Cooley's action as a successive § 2255 motion is neither debatable nor wrong. Contrary to Cooley's argument on appeal, Castro v. United States, 540 U.S. 375 (2003), affords him no benefit as its requirement of notice before a pleading is construed as a § 2255 motion applies only to a pleading treated as the litigant's first § 2255 motion. Because Cooley had earlier pursued § 2255 relief, the pleading

2

recharacterized by the district court was not construed as Cooley's initial § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED